UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRA LEIGH, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-09-485 |
| | § | |
| GALVESTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the Court is the defendant, Galveston Independent School District's ("GISD") motion for summary judgment (Docket Entry No. 28). The plaintiffs, Ira Leigh ("Leigh"), Timothy Fields ("Fields") and Dewayne Baziel ("Baziel") (collectively, the "plaintiffs"), submitted a response to this motion (Docket Entry No. 30) and GISD filed a reply to the plaintiffs' response (Docket Entry No. 32). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby GRANTS the motion.

**II.   Factual Background**

GISD is a school district in Texas that operates its own police force. Prior to the events leading to this litigation, Baziel was a sergeant with GISD's police force and Leigh and Fields were officers. In 2004, the plaintiffs filed, and eventually settled, a grievance with GISD that alleged, among other things, racial discrimination, nepotism and retaliation (the "prior complaint"). In 2006, the plaintiffs were terminated or demoted from their positions with GISD. The present case arises from allegations that these negative employment actions were retaliation for the prior complaint.

In February of 2005, the plaintiffs and GISD entered into a mediated settlement of the prior complaint. The settlement included a contractual agreement that GISD would not discriminate or retaliate against the plaintiffs because of their involvement with that dispute.

In July of 2006, GISD announced that it would be reorganizing its police force. This action would include a reduction in the number of GISD police employees. During the reorganization, each GISD police officer was interviewed and ranked by a panel to determine who would maintain their jobs. The panel consisted of five parties: Interim GISD Police Chief LeeRoy Amador, Principal Sandra Chapa, Principal Manuel Garza, Principal Connie Hebert and Principal Billie Rinaldi. Each of the school principals on the board had little or no knowledge of the plaintiffs' prior complaint against GISD. All police officer interviews consisted of identical questions. The results of the interviews were subsequently transmitted to GISD Superintendent Lynne Cleveland ("Cleveland") for an independent evaluation.

After Cleveland's review, Leigh and Fields were informed that, since they had received the lowest net scores during the interviews, they would be terminated. Baziel was not terminated. However, his title was changed from sergeant to police officer because during reorganization all officer titles except for police chief and police officer were abandoned. After these events, the plaintiffs filed a grievance with GISD, which was denied. Subsequently, GISD hired one or more new police officers.

On August 18, 2006, the plaintiffs filed a complaint with the Equal Employment Opportunity Commission (the "EEOC"). They alleged that GISD had retaliated against them for the prior complaint by firing or demoting them during the reorganization process. Subsequently, the U.S. Department of Justice issued right-to-sue letters for each of the plaintiffs. The present lawsuit was filed in February of 2009, alleging violation of Title VII (42 U.S.C. § 2000e, *et seq.*),

breach of contract and violation of the Texas Whistleblower Act (Texas Government Code § 554.001–554.010). The Whistleblower Act cause of action has been previously dismissed.

### III. Contentions

#### A. The Defendant's Contentions

GISD argues that it is entitled to summary judgment on all of the present claims. Initially, it asserts that the plaintiffs have not set forth a *prima facie* case of retaliation. Moreover, even if a *prima facie* case were established, GISD maintains that it has proffered legitimate, non-discriminatory reasons for its employment actions that cannot be shown to be pretext for retaliation.

#### B. The Plaintiffs' Contentions

The plaintiffs maintain that summary judgment of their claims is improper. They initially assert that GISD's motivation behind its employment actions is necessarily a fact question, which cannot properly be settled on summary judgment. Furthermore, the plaintiffs argue that GISD's evidence supporting its motion for summary judgment is insufficient. Lastly, they proffer that their contract claims should not be dismissed because GISD does not maintain an exemption from contract damages under statute.

### IV. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998)

(citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)).  Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.  *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).  The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts.  FED. R. CIV. P. 56(e).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists."  *Lynch*, 140 F.3d at 625.  "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party."  *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).  Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

## V. Analysis & Discussion

### A. The Title VII Claim

"Title VII is an anti-discrimination and anti-retaliation statute."  *Starkman v. Evans*, 198 F.3d 173, 175 (5th Cir. 1999). With regard to Title VII claims, this Court has recently stated:

> "Discrimination under . . . under Title VII may be proven by direct evidence of discrimination or in an indirect method of proof by establishing a prima facie case of discrimination."  *Belian v. Tex. A & M Univ. Corpus Christi*, 987 F. Supp. 517, 520 (S.D. Tex. 1997) (citing *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1216

> (5th Cir. 1995); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir. 1994)). As no direct evidence of employment discrimination has been set forth in the case at bar, [the plaintiffs] must establish [their] case through indirect evidence, "by following the pretext method of proof set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Id*. at 520–21; *Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001) (citations omitted). Under the *McDonnell Douglas* framework:
>
>> [T]he plaintiff must first demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact that either (1) the employer's reason is a pretext or (2) that the employer's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is [discrimination based on] the plaintiff's protected characteristic.
>
> *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411–12 (5th Cir. 2007) (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

*Voyles v. Medtronics, USA, Inc.*, 4:08-cv-02527 (S.D. Tex. Oct. 1, 2009) (unpublished opinion). "There are three elements to a prima facie case of retaliation under Title VII: (1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *McGarry v. Univ. of Miss. Med. Ctr.*, 355 Fed. Appx. 853, 857–58 (5th Cir. 2009) (unreported opinion) (quoting *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002)). GISD states that, for present purposes, it "does not dispute that Plaintiffs engaged in protected activity by filing complaints with the EEOC that were resolved on February 3, 2005, and further does not dispute that Plaintiffs suffered adverse employment action during the August 2006 reorganization process."

Initially, the plaintiffs assert that "the question of motive behind the actions of Defendant is an inherent fact question which must be settled by the trier of fact and is not appropriate for

summary judgment." The Court need not address this issue. As set forth above, an employer's motive need not be addressed unless the plaintiff can establish a *prima facie* case of discrimination. As discussed below, the plaintiffs have failed to make such a showing.

In their second argument, the plaintiffs state that "the supporting evidence provided by Defendant is the self serving testimony of the Defendant (by and through its employees) which cannot support a summary judgment motion under established law." This argument is without merit. A defendant moving for summary judgment need not present evidence in support of its position. Rather, the defendant must identify areas "of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co*., 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)). After this is done, it is the plaintiff's burden to show that summary judgment is inappropriate by specifying genuine issues of material fact with regard each argument brought by the defendant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). Accordingly, the plaintiffs' second argument is not persuasive.

Lastly, the plaintiffs proffer (with citations omitted) that:

Within a few months of the completion of the administrative process in which Defendant alleged that the decision to terminate was economic, Defendant began hiring additional officers. Under Defendant's administrative policies, Defendant is required to give preference to employees previously terminated for reduction in force when hiring for new positions. There is no dispute that when Defendant hired additional officers within a few months of completing the administrative review process for Plaintiffs or that Defendant failed to recall the officers subjected to reduction in force . . . . The close proximity in time between the conclusion of Plaintiffs' administrative hearing process to the subsequent hiring of additional officers is evidence there was no economic justification for the termination of Plaintiffs Fields and Leigh. The failure of Defendant to recall former employees with more than ten years of experience with the district in favor of officers with no district experience is further circumstantial evidence that Defendant retaliated against Plaintiffs for their involvement in the prior dispute.

This is not evidence "that a causal link existed between the [plaintiffs'] protected activity and the adverse action," as required to establish a *prima facie* case of discrimination.

The plaintiffs provide no evidentiary support for the assertion that "[u]nder Defendant's administrative policies, Defendant is required to give preference to employees previously terminated for reduction in force when hiring for new positions." Further, they provide no evidence that the adverse employment actions taken by GISD towards the plaintiffs were for economic reasons. Viewed in this light, the assertion that GISD hired new police officers after it laid off/demoted the plaintiffs is not evidence of a link between the plaintiffs' earlier protected activities and their subsequent adverse employment actions. *Any connection* between a subsequent hiring and the adverse employment actions taken against the plaintiffs is tenuous at best. Moreover, an attempt to connect the hirings and allegations that the plaintiffs were fired/demoted *because of earlier protected activities* is not supported by the evidence. Therefore, as this is the only evidence proffered by the plaintiffs in opposition to GISD's motion, summary judgment is proper on the plaintiffs' Title VII claim.

### B. The Contract Claim

With regard to their breach of contract cause of action, the plaintiffs, in their complaint, asserted that:

> On or about February 3, 2005, Plaintiffs and GISD entered into a mediated settlement agreement to conclude the Prior Complaint. One term of the agreement was that GISD would not retaliate against the Plaintiffs for their participation in the Prior Complaint . . . . GISD's termination of Plaintiffs Fields and Leigh and demotion of Plaintiff Baziel was in retaliation for their involvement in the Prior Complaint, and is a breach of the February 3, 2005 agreement . . . . Plaintiffs have incurred damages as a result of GISD's breach of contract and are entitled to recover damages.

In rebuttal, GISD has stated in its motion for summary judgment (with footnotes omitted) that:

> Plaintiffs' breach of claim is redundant to their Title VII retaliation claims because both claims are premised on the allegation that GISD retaliated against the Plaintiffs. However, GISD has conclusively shown in this Motion that it did not retaliate against Plaintiffs, or conversely, that Plaintiffs cannot establish a genuine issue of material fact to overcome summary judgment on their Title VII retaliation claims. GISD's arguments and evidence supporting summary judgment on Plaintiffs' Title VII claims is hereby incorporated into this section of its Motion, and conclusively shows that Plaintiffs cannot establish that GISD retaliated against them, and hence they cannot establish that GISD breached the mediation settlement agreements.

For the reasons set forth in the previous subsection, the Court finds that the plaintiffs have proffered no evidence that the adverse employment actions taken against them were in retaliation for their prior complaint against GISD. As such, there is no evidence of a breach of the February 3, 2005, settlement contract by GISD. Therefore, summary judgment is appropriate on this claim.

## VI.   Conclusion

Based on the foregoing discussion, the Court hereby GRANTS GISD's motion for summary judgment.

It is so **ORDERED**.

SIGNED at Houston, Texas this 10th day of May, 2010.

_____
Kenneth M. Hoyt
United States District Judge